1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD BERMAN,

11              Plaintiff,                        No. 2:12-cv-03098-KJM-DAD

12        vs.

13   BLUE SHIELD OF CALIFORNIA, U.S.
     HEALTHWORKS, and DOES 1-10,
14   INCLUSIVE,

15              Defendants.                       <u>ORDER</u>

16   _____/

17              This matter is before the court on defendant Blue Shield's motion to dismiss.

18   (ECF 7.)  The court decided this matter without a hearing.  For the following reasons, the court

19   remands this case to state court.  Defendant's motion is therefore DENIED as moot.

20   I.     <u>FACTS AND PROCEDURAL HISTORY</u>

21              On June 12, 2012, plaintiff filed a negligence claim against defendant Blue Shield

22   ("defendant") in Superior Court, County of Sacramento.  (Def.'s Notice of Removal at 17, Ex. B,

23   "Compl.", ECF 1.)  In his complaint, plaintiff alleges that he called defendant, his medical

24   insurance provider, on or about March 14, 2011, when he was experiencing chest pain and

25   intense sweating.  (Compl. ¶ 8.)  Plaintiff asked defendant's telephone representative which

26   facility he should go to for medical care.  (*Id.*)  Defendant's representative gave plaintiff the

1   number of U.S. Healthworks, a non-emergency medical facility.  (*Id.*)  At U.S. Healthworks, a

2   man at the reception counter told plaintiff that chest pains could not be treated there and that he

3   needed to go to the emergency room. (*Id.*)  Eventually, plaintiff got a ride from a coworker to the

4   hospital, where he went into cardiac arrest and was hospitalized for two weeks.  (*Id.* ¶¶ 8-9.)

5        On December 26, 2012, defendant removed the case to this court under an

6   exception to the well-pleaded complaint rule that allows removal when a plaintiff's claim is

7   completely preempted by § 502(a) of the Employment Retirement Income Security Act

8   ("ERISA").[1]  (ECF 1.)  Defendant then filed a motion to dismiss on January 7, 2013.  (ECF 7.)

9   Plaintiff filed an opposition on January 31, 2013 (ECF 9), and defendant filed a reply on

10  February 8, 2013 (ECF 11).

11  II.    LEGAL STANDARD

12        Removal of a state court action to federal court is appropriate only if the federal

13  court would have had original subject matter jurisdiction over the suit.  *See* 28 U.S.C. § 1441(a).

14  District courts have original subject matter jurisdiction in two situations: 1) federal question

15  jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United

16  States;" and 2) diversity jurisdiction where "the matter in controversy exceeds the sum or value

17  of $75,000, exclusive of interest and costs" and there is complete diversity between the parties.

18  28 U.S.C. §§ 1331, 1332(a).

19        Only federal question jurisdiction is relevant in the instant case.  "A cause of

20  action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of

21  federal law."  *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989).  However, an

22  exception to the well-pleaded complaint rule exists when state-law causes of action are

23  /////

24  /////

25  ────────────────

26  [1] The parties do not dispute that plaintiff is a beneficiary of a health insurance policy that
    is regulated by ERISA.

2

preempted by § 502(a) of ERISA.  *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009).  Section 502(a) provides in relevant part:

> A civil action may be brought — (1) by a participant or beneficiary — . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B).  Therefore, a defendant can remove a case containing only a state-law cause of action if it can demonstrate that a plaintiff's state-law claim is preempted under § 502(a).  *Id.* at 945 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)).

The U.S. Supreme Court has formulated a conjunctive two-prong test to determine whether a state-law claim is preempted under § 502(a).  *Marin General*, 581 F.3d at 945, 947 (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).  "A state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'"  *Id.* at 945 (quoting *Davila*, 542 U.S. at 210).  Simple conflict preemption under § 514(a) of ERISA,[2] while a valid defense to the state-law claim, is an insufficient basis for removal jurisdiction.  *Id.*  Thus, for purposes of analyzing subject matter jurisdiction, a court's ERISA preemption inquiry is not whether a state-law claim "relate[s] to" the administration of an employee benefit plan.[3]  *Id.* at 949.  The Supreme Court has established a presumption against ERISA preemption of state or local laws that are within the "'historic police powers of the States.'"  *Golden Gate Rest. Ass'n v. City & County of San Francisco*, 512 F.3d 1112, 1120 (9th Cir. 2008) (quoting *Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 325 (1997)).

---

[2] Section 514(a) explicitly preempts state laws that "relate to any employee benefit plan" covered by ERISA.  29 U.S.C. § 1144(a).

[3] The relatedness test is relevant to the defense of conflict preemption under § 514(a) of ERISA.  *Id.*

"If, following removal, a federal court determines there was a defect in the removal procedure or an absence of subject matter jurisdiction, it may remand the action to state court *sua sponte* or on motion of a party." *Borreani v. Kaiser Found. Hosps.*, 875 F. Supp. 2d 1050, 1054 (N.D. Cal. 2012) (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)); *see also* 28 U.S.C. § 1447(c). "In deciding whether removal was proper . . . the party invoking federal jurisdiction bears the burden of establishing that removal was appropriate." *Borreani v. Kaiser Found. Hosps.*, 875 F. Supp. 2d 1050, 1054 (N.D. Cal. 2012) (citing *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009)).

III.    <u>ANALYSIS</u>

    A.    The Parties' Arguments

Defendant asserts this court has federal question jurisdiction because both prongs of the *Davila* test are met. (ECF 1 at 4-6). *Davila*'s first prong is satisfied, defendants contend, because plaintiff's negligence claim "relates to" the administration of his company's ERISA-regulated health plan. (*Id.* at 5.) Defendant interprets plaintiff's negligence claim as an allegation that plaintiff's injuries resulted from defendant's purported failure to refer him to a different medical provider. (*Id.* (citing *Cervantes v. Health Plan of Nev., Inc.*, 263 P.3d 261, 264 (Nev. 2011) (ERISA preempted state-law claims alleging that the defendant health plan was negligent in referring the plaintiff to an unsafe medical provider).) Defendant contends *Davila*'s second prong is met because plaintiff's state-law claim "indisputably requires a determination of the parties' respective rights and responsibilities under the terms of the Group Plan." (*Id.* at 5-6.) In other words, plaintiff's state law claim does not implicate an independent legal duty because liability would exist only based on defendant's administration of an ERISA-regulated benefit plan. (*Id.*)

Arguing for remand, plaintiff avers that neither *Davila* prong is met. Restyling his "professional negligence" claim as a medical malpractice claim in his opposition to defendant's motion to dismiss, plaintiff asserts he is not bringing a claim that could be brought

1   under § 502(a)(1)(B).  (Opp'n to Mot. to Dismiss at 5, ECF 9.)  Specifically, plaintiff contends

2   he is not bringing a negligence action "for benefits due him under the terms of his plan, or to

3   enforce rights under the terms of his plan, or to clarify his rights to future benefits under the

4   terms of the plan."  (*Id.*)  Plaintiff asserts he is not alleging a mere "referral to a health care

5   provider" by a plan employee, but a medical malpractice cause of action based on the negligence

6   of a Blue Shield employee who, plaintiff alleges for the first time in his opposition, is a

7   registered nurse.  (*Id.*)  This employee had a duty to evaluate his symptoms, refer him for

8   appropriate care based on those symptoms, and to refer him to an appropriate facility, plaintiff

9   argues.  (*Id.* at 5-6.)  Thus, plaintiff contends this negligent action violates a legal duty

10  independent of ERISA.  (*Id.* at 5.)

11          As discussed below, the court finds defendant Blue Shield has not borne its

12  burden in demonstrating this court has subject matter jurisdiction.  Plaintiff's state cause of

13  action must meet both of the *Davila* prongs to be preempted under § 502(a); it meets neither.

14          B.      *Davila* Prong One

15          Plaintiff does not seek "to recover benefits due to him under the terms of his plan,

16  to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under

17  the terms of the plan."  29 U.S.C. § 1132(a)(1)(B); *see also Marin General*, 581 F.3d at 945.

18  Nor does plaintiff allege that defendant's negligence lies in its employee's failure simply to refer

19  plaintiff to a different medical provider.  Rather, plaintiff seeks to recover for defendant's

20  employee's negligent referral to a regular, non-emergency clinic, which delayed plaintiff's

21  receipt of emergency care.  (Compl. ¶ 10.[4])  In other words, plaintiff is alleging a duty any

22  medical insurance provider, ERISA-regulated or not, has to recommend to any customer in

23  plaintiff's condition that he or she seek emergency care when that customer calls seeking

24  direction on where to go for urgent medical care.  (Compl. ¶¶ 8, 10.)

25  _____

26  [4] In making this determination, the court considers plaintiff's allegations in the complaint
    only, not the restyled allegations in his opposition.

Whether this claim "relate[s] to" the administration of plaintiff's ERISA-regulated healthcare plan is irrelevant to preemption analysis under § 502(a). *Marin General*, 581 F.3d at 949.  The Nevada Supreme Court's decision in *Cervantes*, upon which defendant relies, is distinguishable for this same reason: the court there was considering conflict preemption under § 514(a), not narrower preemption under § 502(a).  263 P.3d at 266 ("Like the district court, we start — and necessarily end — our analysis with section 514(a).").  It may be that plaintiff's negligence claim is preempted under § 514(a), and this order does not foreclose that possibility; that determination, however, is outside the scope of this court's inquiry into subject matter jurisdiction.  *Davila*'s first prong is not met.

C.   *Davila* Prong Two

Plaintiff's negligence claim "do[es] not rely on, and [is] independent of, any duty under an ERISA plan." *Marin General*, 581 F.3d at 949.  Whether styled as a medical malpractice claim or a simple negligence claim, plaintiff alleges defendant owed him a duty any medical insurer would owe a customer.  While it is possible no such duty exists and plaintiff's negligence claim is meritless, that possibility is of no moment to complete preemption analysis under ERISA. This claim is completely independent of ERISA; *Davila*'s second prong is not met.

IV.   <u>CONCLUSION</u>

Because neither of the *Davila* prongs is satisfied, this court does not have jurisdiction to hear this case.  Accordingly, it is remanded to the Superior Court of the State of California, County of Sacramento.  Defendant's motion to dismiss is DENIED as moot.

IT IS SO ORDERED.

DATED:  February 28, 2013.

_____
UNITED STATES DISTRICT JUDGE